UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20732-BLOOM/Otazo-Reyes**

CESAR PRIETO, et al.,

    Plaintiffs,

v.

WILLIAMS ISLAND PROPERTY
OWNER'S ASSOCIATION, INC.,
a/k/a Williams Island POA and/or
Williams Island

    Defendant.
_____/

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiffs Cesar Prieto, Joe Dursi, Lilia A. Molinero, and Rufino Rosa's (collectively, "Plaintiffs") Motion to Strike Defendant's Amended Answer and Affirmative Defenses, ECF No. [12] ("Motion"). Defendant Williams Island Property Owner's Association, Inc. filed a Response in Opposition, ECF No. [16], to which Plaintiffs filed a Reply, ECF No. [17]. The Court has reviewed the Motion, all supporting and opposing submissions, the record, the relevant case law, and is otherwise fully advised. For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

Plaintiffs initiated this case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-2]. The Complaint alleges unlawful discrimination in violation of the Florida Civil Right Act and Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ECF No. [1-2]. On February 24, 2023, Defendant filed a Notice of and Petition for Removal, removing the case to this Court. ECF No. [1].

Defendant subsequently filed its Answer and Affirmative Defenses, ECF No. [5], and thereafter filed its operative Amended Answer and Affirmative Defenses. ECF No. [7]. Therein, Defendant asserts five Affirmative Defenses. *See id*.

On March 17, 2023, Plaintiffs filed the instant Motion in which they request that the Court strike Defendant's First, Second, and Third Affirmative Defenses. Plaintiffs argue that (1) the First Affirmative Defense is nothing more than a reservation of right to raise additional defenses; (2) the Second Affirmative Defense is a facially invalid after-acquired-evidence defense based upon highly scandalous and prejudicial allegations; and (3) the Third Affirmative Defense violates the collateral source benefit doctrine. *See generally*, ECF No. [12]. Defendant responds that (1) there is no prejudice to allowing its First Affirmative Defense to stand as it places Plaintiffs on notice of Defendant's intent to assert an after acquired evidence defense; and (2) its Second Affirmative Defense meets the pleading standard and is legally sufficient. *See generally* ECF No. [16]. With regard to the Third Affirmative Defense, Defendant responds that it agrees that the challenged portion, which relates to the reduction of lost wages by the amount of unemployment benefits, may be stricken. *Id*. at 10.

II.     **LEGAL STANDARD**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.))*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM,

2

2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

Case No. 23-cv-20732-BLOOM/Otazo-Reyes

### III.   DISCUSSION

Plaintiffs move the Court to strike Defendant's first, second, and third affirmative defenses. As stated above, Plaintiffs argue that (1) the first affirmative defense is nothing more than a reservation of rights to raise additional defenses and (2) the second affirmative defense is a facially invalid after-acquired-evidence defense based upon highly scandalous and prejudicial allegations. *See generally*, ECF No. [12]. Defendant concedes that the challenged portion of the third affirmative defense which relates to the reduction of lost wages by the amount of unemployment benefits, may be stricken. ECF No. [16] at 10. Defendant does oppose the Motion to the extent Plaintiffs move to strike its first and second affirmative defenses, arguing that (1) there is no prejudice to allowing its first affirmative defense to stand as it places Plaintiffs on notice of Defendant's intent to assert an after acquired evidence defense and (2) its second affirmative defense meets the pleading standard and is legally sufficient. *See generally id*. The Court considers the parties arguments on the first and second affirmative defenses in turn.

### A.   First Affirmative Defense

Plaintiffs argue that "the First Affirmative Defense is nothing more than a reservation of right to raise additional defenses -- which the Defendant had previously improperly included in its initial Answer and defenses." ECF No. [12] at 3. Defendant asserts that courts have taken different approaches where "a defendant pleads this affirmative defense if it discovers such evidence during discovery." ECF No. [16] at 3. Defendant argues there is no prejudice to allowing this Affirmative Defense to stand and requests that the Court therefore deny Plaintiffs' Motion to strike its First Affirmative Defense. *Id*. at 4.

Defendant's First Affirmative Defense reads:

> To the extent Defendant discovers during this action that Plaintiff engaged in any conduct which would warrant or would have warranted discharge under Company

> policy, Plaintiffs right to recover damages beyond the date of such discovery will be cut off. *See McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352, 115 S. Ct. 879.

ECF No. [7] at 4.

The First Affirmative Defense is asserted under the after-acquired evidence doctrine. The doctrine of after-acquired evidence was established in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995), and delineates "[t]he proper boundaries of remedial relief in the general class of cases where, after termination, it is discovered that the employee has engaged in wrongdoing." *Holland v. Gee*, 677 F.3d 1047, 1064 (11th Cir. 2012) (quoting *McKennon*, 513 U.S. at 361). In *McKennon*, after an employee was terminated, the employer discovered that, during the employee's tenure, she had removed and copied company records in violation of her job responsibilities. 513 U.S. at 354-55. The Supreme Court held that if an employer establishes "that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge," an award of back pay should generally be limited to the period of time "from the date of the unlawful discharge to the date the new information was discovered." *Holland*, 677 F.3d at 1064-65 (quoting *McKennon*, 513 U.S. at 362-63).

Because the employer bears the burden of establishing that the "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone," the after-acquired evidence doctrine "is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Id.* at 1065. *See also Kovelesky v. First Data Corp.*, 534 F. App'x 811, 815 (11th Cir. 2013) (rejecting argument that district court abused its discretion in permitting employer to present evidence to support its after-acquired evidence defense where the affirmative defense stated that "if [the employer] discovered evidence of any

5

wrongdoing by [the employee], it invoked the after-acquired evidence rule to limit her damages"); *Erdogam v. Suntree Country Club, Inc.*, No. 614CV1991ORL41DAB, 2015 WL 12838848, at *2 (M.D. Fla. Feb. 10, 2015) (denying motion to strike affirmative defense that asserted the "after-acquired evidence doctrine as precluding Plaintiff's recovery if such evidence is recovered" because that defense is an "appropriate defense[] asserted by a defendant in an employment discrimination case"); *Moore v. Lender Processing Servs., Inc.*, No. 312CV205J99TJCMCR, 2012 WL 12906615, at *4 (M.D. Fla. Oct. 1, 2012) (refusing to strike affirmative defense of after-acquired evidence doctrine on the basis that it was conclusory, and noting that plaintiff "is certainly able to propound discovery regarding this defense"). Accordingly, the Court finds that the first affirmative defense sufficiently places Plaintiffs on notice that if it discovers evidence to support an after-acquired evidence defense, Defendant intends to raise it. The Motion is therefore denied on this point.

**B. Second Affirmative Defense**

Plaintiffs move to strike Defendant's Second Affirmative Defense which seeks to limit recovery for Plaintiff Joe Dursi ("Dursi") via the after-acquired evidence doctrine. Plaintiffs argue that because Dursi's "alleged misconduct occurred after Defendant had made the termination decision it is not clear if [the after-acquired evidence doctrine] even applies." ECF No. [12] at 5-6. Defendant responds that it "has provided enough facts to place Dursi on notice of its affirmative defense and it is not patently frivolous on its face." ECF No. [16] at 9. Defendant argues that striking the affirmative defense at this early stage would be too drastic and premature. *Id*.

Defendant's Second Affirmative Defense reads:

> Plaintiff, Joe Dursi, is barred from seeking reinstatement in this action and from claiming back pay or benefits after the date he engaged in misconduct on during any communications with Defendant's employees or representatives that occurred after Dursi's separation from employment and that would have led to his

termination for cause. Specifically, after Dursi's termination of employment, Dursi used foul language, threatened bodily injury and death to Defendant's COBRA administrator during a telephone conversation.

ECF No. [7] at 4-5.

The parties agree that the Eleventh Circuit has not yet specifically addressed the issue of whether *McKennon* applies to an after-acquired evidence defense of post-termination wrongdoing. *See* ECF Nos. [12] at 6, [16] at 6.[1] Each cites out of circuit cases in support of their position. *See e.g. Sellers v. Mineta*, 358 F.3d 1058, 1063 (8th Cir. 2004) ("[W]e cannot establish a bright-line rule and foreclose the possibility that a Title VII plaintiff's post-termination conduct may, under certain circumstances, limit the remedial relief available to the plaintiff."); *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999) (Noting that "*McKennon* may permit certain limitations on relief based on post-termination conduct" but finding that where the alleged misconduct to which defendant points "arises as a direct result of retaliatory termination, the necessary balancing of the equities hardly mandates a *McKennon*-type instruction on after-occurring evidence."); *Jones v. Nissan N. Am., Inc.*, 438 F. App'x 388, 407 (6th Cir. 2011) (concluding "that it was error to give the *McKennon* instruction limiting damages" where without defendant's discriminatory conduct the plaintiff would not have violated any rule.")

A court in this district considering the issue of after-acquired evidence of post-termination wrongdoing at the summary judgment stage declined to grant summary judgment stating it was

---

[1] The Court notes that in *Crapp v. City of Miami Beach*, the Eleventh Circuit affirmed a district court's decision to vacate an award of back pay and reinstatement where the plaintiff, a former police officer, was decertified as a police officer by the Florida Department of Law Enforcement ("FDLE"). 242 F.3d 1017, 1019-20 (11th Cir. 2001). The decertification applied retroactively to the effective date of plaintiff's termination. *Id*. Therefore, the Eleventh Circuit did not consider the decertification to be post-termination. *Id*. The Eleventh Circuit held that the district court "appropriately recognized that the City could have fired [plaintiff] for a lawful reason-lack of certification-on the same day that it fired him for a discriminatory reason" and "properly took account of the FDLE's decision as 'after-acquired evidence' under *McKennon*…." *Id*. at 1021.

"not inclined to preclude post termination evidence that seeks to corroborate the Defendants' belief that [plaintiff] in fact took [wrongful] actions before termination." *Cohen v. Gulfstream Training Acad., Inc.*, No. 07-60331-CIV, 2008 WL 961472, at *3 (S.D. Fla. Apr. 9, 2008). Plaintiffs argue that *Cohen's* holding relates only to post-termination conduct that directly flows from the conduct that occurred pre-termination. Plaintiffs contend that *Cohen* is distinguishable because Dursi's alleged misconduct does not directly flow from pre-termination conduct and arose as a direct result of his wrongful termination. At this stage, the Court is unpersuaded that Plaintiff's distinctions are sufficient to consider the affirmative defense frivolous or contrary to law.

Because the second affirmative defense appears to pose a mixed issue of fact and law, it is not appropriately resolved at this juncture. *See Reyher*, 881 F. Supp. at 576. Accordingly, the Court denies the Motion as to this defense.

### C. Third Affirmative Defense

The Response filed by Defendant, ECF No. [16], and Reply filed by Plaintiffs, ECF No. [17], indicate that the parties have reached an agreement regarding Defendant's Third Affirmative Defense. In accordance with that agreement, the Court grants Plaintiffs' Motion in part and strikes the section of the Third Affirmative Defense which reads: "(including unemployment compensation benefits and other Pandemic related payments and benefits)." The remainder of the Third Affirmative Defense remains.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [12]**, is **DENIED** as to Defendant's First and Second Affirmative Defenses and **GRANTED IN PART AND DENIED IN PART** as to Defendant's Third Affirmative Defense consistent with this Order.

Case No. 23-cv-20732-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record